# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL M. RONE, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-3400 |
| | : | |
| INSPECTOR ALICE MULVEY, | : | |
| THE PHILADELPHIA POLICE | : | |
| POLICE DEPARTMENT, AND | : | |
| THE CITY OF PHILADELPHIA, | : | |
| Defendants | : | |

## M E M O R A N D U M

STENGEL, J.                                        March    26 , 2007

Carl M. Rone, an African American police officer for the City of Philadelphia with

twenty years of service, brought this *pro se* employment discrimination action pursuant to

Title VII[1] of the Civil Rights Act of 1964, and the Pennsylvania Human Relations Act[2]

against his supervisor, the City of Philadelphia, and its Police Department.  Officer Rone

alleges that he was the victim of racial discrimination and that he was subjected to a

---

[1] Title VII provides that "it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.

[2] The PHRA provides "the opportunity for an individual to obtain employment for which he is qualified without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin."  Courts interpret the PHRA consistently with Title VII.  Weston v. Pennsylvania, 251 F.3d 420, 426 n.3 (3d Cir. 2001) (The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably).

hostile work environment.  The defendants have filed a motion to dismiss.[3]  For the

following reasons, I will grant the motion in its entirety.

## I.  BACKGROUND

The Amended Complaint alleges that Officer Rone has been subjected to

harassment and discrimination in the workplace since July 2004.  It alleges that he was

denied previously-approved vacation time; that his work schedule was switched; that he

was precluded from going to major crime scenes; that he was denied the opportunity to

attend a training conference in Arizona when Caucasian officers were permitted to attend

training in Connecticut several months before; that he was instructed to change the way

he filled out his attendance reports to show that he was spending time in the unit working

on a backlog instead of in the courtroom, when other non-Black officers were not told to

make those changes; that every leave request he submitted for approval was rejected

when no other officer's requests for leave were rejected; and that he was told he would be

removed from the Assignment Wheel, and not given any new assignments.

Officer Rone alleges that the defendants' actions were intentional, outrageous,

wanton, and malicious, such that the imposition of punitive[4] damages is justified.

---

[3]  Officer Rone did not respond to this motion.  He also did not appear at a conference on February 22, 2007, held pursuant to Rule 16 of the Federal Rules of Civil Procedure.  I assume he received the notice of the conference which was sent on December 19, 2006, to his address of record, because the notice was not returned as undeliverable.

[4]  Governments, government agencies, or political subdivisions are explicitly exempt from punitive damages recoverable in a Title VII claim.  See 42 U.S.C. § 1981a(b)(1); see also Hoy v.

(continued...)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions

---

[4](...continued)
Angelone, 720 A.2d 745, 751 (Pa. 1998) (punitive damages are not recoverable under the PHRA).  Thus, the plaintiff's demand for punitive damages is stricken.

3

pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. DISCUSSION

Officer Rone names the Philadelphia Police Department as one of three defendants.  However, Philadelphia's municipal agencies do not maintain a separate corporate existence, and "all suits growing out of their transactions … shall be in the name of the City of Philadelphia."  53 P.S. § 16257.  Federal and state courts routinely dismiss claims that name individual agencies as defendants.  See Lynch v. City of Philadelphia, 166 F. Supp. 2d 224, 228 (E.D. Pa. 2001) (dismissing Complaint against the Philadelphia Police Department).  Accordingly, I will dismiss the Philadelphia Police Department as a defendant in this case.

Officer Rone also names Inspector Alice Mulvey, his supervisor, as an individual defendant.  The Third Circuit Court of Appeals has repeatedly found that individuals cannot be held liable under Title VII.  Sheridan v. E.I. Dupont De Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996); Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Kachmar v. Sungard Data Systems, Inc., 109 F.3d 173, 184 (3d Cir. 1997).  Inspector Mulvey is an individual employee of the Philadelphia Police Department, and thus is not subject to suit under Title VII.  Accordingly, I will dismiss Inspector Mulvey as a defendant.

4

### A.  Race Discrimination Claim

Officer Rone brings claims of racial discrimination against the City of Philadelphia, the last remaining defendant in this case.  Because he has not produced any direct evidence of discrimination, he therefore must proceed under the burden-shifting framework first established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973).  See also Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

In the McDonnell Douglas analysis, the plaintiff bears the initial burden of establishing a *prima facie* case of employment discrimination by a preponderance of the evidence.  Storey v. Burns Int'l Sec. Servs., 390 F.3d 760 (3d Cir. 2004) (citing Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)).  A *prima facie* case requires a plaintiff to show that: (1) he is a member of a protected class; (2) he satisfactorily performed the duties required by his position; (3) he suffered an adverse employment action; and (4) either similarly-situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that give rise to an inference of discrimination.  Langley v. Merck & Co., No. 05-3205, 2006 U.S. App. LEXIS 14958, at * 4 (3d Cir. June 15, 2006) (citing Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003)).

A plaintiff's properly pleaded *prima facie* case eliminates the most common nondiscriminatory reasons for an employer's actions.  Burdine, 450 U.S. at 253.  While

the *prima facie* case only raises an inference of discrimination, the Supreme Court has stated that, once the *prima facie* case is established, it will presume that the employer's action is more likely than not based on the consideration of impermissible factors.  Id. at 254.  Should the plaintiff establish his *prima facie* case, the burden of production (but not the burden of persuasion) shifts to the defendant to articulate some legitimate and nondiscriminatory reason for the employer's action.  Sarullo, 352 F.3d at 797.  If the defendant meets this burden, the presumption of a discriminatory action raised by the *prima facie* case is rebutted.  Id.  The plaintiff must then demonstrate by a preponderance of the evidence that the employer's articulated reason was merely a pretext for discrimination, and not the actual motivation behind its decision.  Id.

Here, for purposes of this motion, the defendant concedes that Officer Rone has satisfied the first two prongs of a *prima facie* case, i.e., he is a member of a protected class and he is qualified for his position.  Nevertheless, the defendant insists that Officer Rone has not alleged sufficient facts to prove that he suffered an adverse employment action.  I agree.

A tangible, adverse employment action must be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  See Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998); see also Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997) (not everything that

6

makes an employee unhappy qualifies as adverse employment action for purposes of Title VII; to hold otherwise would allow for minor and trivial employment actions to serve as the basis of a discrimination suit).  Although Officer Rone makes various allegations to support his claim of discrimination, none of these allegations rise to the level of an adverse employment action.  The allegations do not constitute a hiring, firing, failure to promote, reassignment, or a decision causing a significant change in benefits.  Thus, Officer Rone has failed to establish a *prima facie* case for employment discrimination.  Accordingly, I will dismiss this claim.

### B.  Hostile Work Environment

Officer Rone's second claim alleges that he was subjected to a hostile work environment.  To support this claim, Officer Rone alleges that as a direct consequence of the harassment perpetuated by the defendants, he suffered and continues to suffer mental anguish, anxiety, high-blood pressure, sleeplessness, and depression.

The Third Circuit has set forth five elements that a plaintiff must prove to state a claim for hostile work environment:  (1) the employee suffered intentional discrimination because of his race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the employee; (4) the discrimination would detrimentally affect a reasonable person in similar circumstances; and (5) the existence of respondeat superior liability.  Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006); Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001); Andrews v. Philadelphia, 895

F.2d 1469, 1472 (3d Cir. 1990).  In determining whether a work environment is hostile, "the totality of the circumstances must be considered, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it reasonably interferes with an employee's work performance."  Harris v. SmithKline Beecham, 27 F. Supp. 2d 569, 577 (E.D. Pa. 1998). A single action may be sufficient to support a hostile work environment claim if the act is "of such a nature and occurs in such circumstances that it may reasonably be said to characterize the atmosphere in which a plaintiff must work."  Id. at 578.  Generally, however, a plaintiff must show that he was subjected to "repeated, if not persistent acts of harassment."  Id. (quoting Bedford v. Southeastern Pennsylvania Transp. Auth., 867 F. Supp. 288, 297 (E.D. Pa. 1994)).

The defendant argues that Officer Rone has not alleged facts sufficient to prove that the harassment was severe or pervasive.  I agree.  The Supreme Court has repeatedly explained that for "harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the terms and conditions of the [victim's] employment and create an abusive working environment."  Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986).

Officer Rone's allegations do not rise to the level required for a hostile work environment.  He does not allege actions that are sufficiently severe or pervasive so as to alter the terms and conditions of his employment and/or create an abusive working environment.  For example, Officer Rone alleges that he was told that in the future leave

requests must be authorized by Inspector Mulvey, that his work scheduled was changed by one hour, that he was restricted from going to major crime scenes, that he was denied paid leave to attend a training session in Arizona, that he was required to record his time differently than he did previously, that leave requests were denied for specific dates, and that he was removed from the assignment wheel.  However, these allegations are not sufficient to show that the harassment was severe or pervasive.  See Andrews, 895 F.2d at 1482 (a court must look at the totality of the circumstances to determine whether there exists a hostile or abusive environment which is severe enough to affect the psychological stability of a minority employee).  Accordingly, I will also dismiss this claim for hostile work environment.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARL M. RONE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 06-3400** |
| | : | |
| **INSPECTOR ALICE MULVEY,** | : | |
| **THE PHILADELPHIA POLICE** | : | |
| **POLICE DEPARTMENT, AND** | : | |
| **THE CITY OF PHILADELPHIA,** | : | |
| **Defendants** | : | |

**O R D E R**

**STENGEL, J.**

     **AND NOW**, this   26th   day of March, 2007, upon consideration of the

defendants' unopposed motion to dismiss (Document #7), it is hereby ORDERED that the

motion is GRANTED.

     The Clerk of Court is directed to mark this case closed for all purposes.


                              BY THE COURT:


                              /s/ Lawrence F. Stengel
                              LAWRENCE F. STENGEL, J.